**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT HOSSFELD and<br>WES NEWMAN, individually and on<br>behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 1:24-CV-02613 |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S OPPOSED RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY, MOTION FOR STAY PENDING APPEAL OF RELATED ACTION**

Defendant Allstate Insurance Company ("Allstate"), by and through undersigned counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, hereby moves for judgment on the pleadings, dismissing Count I of Plaintiffs' Second Amended Complaint as to Plaintiff Hossfeld's claims on the grounds that the claims are barred by the doctrines of claim splitting and collateral estoppel. Alternatively, Defendant requests that the Court stay this action pending the parties' appeal of *Hossfeld v. Allstate Insurance Company,* 1:20-cv-07091 ("*Hossfeld I*")*,* wherein any ruling on the issue of Allstate's liability will affect the outcome of this instant action. In support of its Motion, Allstate states as follows:

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. *The Earlier Action* (*Hossfeld I*)

On December 1, 2020, Hossfeld filed a complaint in the Northern District of Illinois against Allstate Insurance Company, alleging Allstate and/or its agents violated the Telephone Consumer Protection Act ("TCPA"). *See Hossfeld I* (Dkt. 1). Hossfeld filed his First Amended Complaint on February 1, 2021 (Dkt. 17) and his Second Amended Complaint on March 26, 2021. (Dkt. 40). For the next several years, the parties litigated Hossfeld's claims, engaged in extensive and voluminous discovery, and filed motions for summary judgment as to the issues of liability and damages (Dkts. 226, 229).

In *Hossfeld I*, Hossfeld, after discovery closed, moved to certify two classes—a damages class under Rule 23(b)(3) and an injunctive class under Rule 23(b)(2):

> **Damages Class**: All residential telephone subscribers in the United States (i) to whom more than one call was made for the purpose of encouraging the purchase of Allstate goods or services (including to find a marketing "lead" for Allstate goods or services) in any 12-month period, (ii) to the telephone number of a residential subscriber, (iii) where that phone number had been added to Allstate's or any telemarketer calling for Allstate's internal do-not-call list at least 31 days prior, and (iv) where the DNC request happened no longer than five years before at least one call.

* * *

> **<u>Injunctive Class</u>**: All residential telephone subscribers in the United States who requested – either directly to Allstate or through a person engaged in developing business for Allstate – not to receive Allstate telemarketing calls to such residential telephone number.

(Dkt. 228).

Allstate challenged Hossfeld's motion for class certification on two main grounds: (1) the proposed injunctive class was untimely because Hossfeld did not propose a Rule 23(b)(2) class in his second amended complaint and (2) Hossfeld could not satisfy Rule 23(a)(1)'s numerosity requirement. (*Id.*). After months of motion practice, the Court entered an order on March 8, 2023, denying Hossfeld's motion for class certification. The Court ultimately agreed that Hossfeld's intentional addition of the proposed "injunctive class" after the close of discovery was prejudicial and untimely under Rule 23(C)(1). (*Id.*). The Court further denied certification of the damages class due to Hossfeld's "failure to produce any evidence substantiating his speculation that additional members of the proposed damages class exist" beyond a potential group of 32 class members Hossfeld alleges he identified, as well as his failure to offer any argument or evidence as to "how geographically diverse the purported class is or how large Hossfeld thinks the individual claims may be." (*Id.*).

On March 20, 2025, the Court entered final judgment "dismissing Count I of Plaintiff's Second Amended Complaint with prejudice, denying Allstate's motion for summary judgment as to Count II and granting Plaintiff's Motion for Summary Judgment on Count II, and finding [Allstate] vicariously liable to Plaintiff Robert Hossfeld for twelve telemarketing calls." (Dkt. 327). The Court also entered judgment against Allstate in favor of Hossfeld in the amount of $18,000. *Id.* On April 11, 2025, Defendant filed its Motion to Stay Execution which the district court granted on April 23, 2025. (Dkts. 333, 340).

### B. *Defendant's Appeal of Hossfeld I*

On March 27, 2025, Allstate filed its Notice of Appeal of Judge Gottschall's Memorandum Opinion and Order regarding the parties' cross motions for summary judgment (Dkt. 282) and the court's Final Judgment Order. (Dkt. 327). *See also Hossfeld v. Allstate Insurance Company*, No. 25-1672 (7th Cir.) ("*Hossfeld I* Appeal"). On April 21, 2025, Hossfeld filed his Notice of Appeal of the Final Judgment Order and Judge Gottschall's Order denying Hossfeld's Motion for Partial Summary Judgment awarding injunctive relief. (Dkts. 319, 327). Hossfeld filed his reply brief in the cross-appeal on April 10, 2026. The appeals have been fully briefed and argument is set for May 11, 2026.

### *C. The Present Action (Hossfeld II)*

On April 1, 2024, Plaintiffs filed their initial complaint in this action. (*Hossfeld II,* Dkt .1). Relying on the same theories of liability in *Hossfeld I,* Plaintiffs allege that Allstate and/or its agents violated the TCPA by improperly soliciting Plaintiffs via telemarketing calls. *Id.* Notably, Hossfeld alleges that the improper telemarketing he received stem from *Hossfeld I* and occurred during the pendency of the initial action. (*Id.*, ¶¶ 9, 23-54). Additionally, similar to *Hossfeld I*, Plaintiff proposed broad nationwide classes with a class period that largely overlaps with the proposed class period in *Hossfeld I*:

> **IDNC Class**: All persons in the United States (i) to whom more than one call was made for the purpose of encouraging the purchase of Allstate goods or services (including to find a marketing "lead" for Allstate goods or services) in any 12-month period, (ii) to a residential telephone number, (iii) where the phone number was on the do-not-call list of Allstate or its agents or (sub)vendors at the time of at least one such call.
>
> > **Subclass**: All persons in the IDNC class whose calls they received arose from the same Allstate (sub)vendors that called Plaintiffs (e.g., Transfer Kings/Atlantic).

> **<u>Robocall Class</u>**: All cellular subscribers and/or residential subscribers in the United States whose telephone number Allstate, or some third party on its behalf, called using an artificial or prerecorded voice, where prior to such call there existed no signed, written agreement with the recipient that included a disclosure informing the person signing that: (A) By executing the agreement, such person authorizes Allstate to deliver or cause to be delivered to the signatory telemarketing calls using an artificial or prerecorded voice; and (B) the person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

(*Id.*, ¶122). Shortly after the initiation of the action, Defendant moved to bifurcate discovery to focus on Plaintiffs' individual claims (*Id.,* Dkts. 23, 24), which the Court granted. (*Id.,* Dkt. 25). The Parties are currently still engaged in discovery as to Plaintiffs' individual claims.

## II. LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that, "after pleadings are closed—but early enough not to delay trial—a- party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). To survive a motion under Rule 12(c), "a complaint must state a claim to relief that is plausible on its face." *Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020); *see also Federated Mut. Ins. Co. v. Coyle Mech. Supply, Inc.*, 2020 WL 1323733, at *2 (S.D. Ill. Mar. 20, 2020) (moving party must "demonstrate that there are no material issues of fact to be resolved"). A court will grant a motion for judgment on the pleadings when the non-moving party cannot prove any set of facts sufficient to support its claim. *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012).

## III. ARGUMENT

### *A. Hossfeld's Claims Are Barred By the Doctrine of Claim Splitting.*

The doctrine of "claim splitting," states that "a party cannot avoid the effects of res judicata by splitting her cause of action into separate grounds of recovery and then raising the separate grounds in successive lawsuits." *American Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 91

(S.D.N.Y. 2002); *see* Restatement (Second) of Judgments § 24 (1982); *CIVIX–DDI, LLC v. Expedia, Inc.*, Case No. 04 C 8031, 2005 WL 1126906, at *4 (N.D.Ill. May 2, 2005). Although claims splitting is within the doctrine of *res judicata*, it is not as stringent and therefore only examines two questions: (1) whether there is an identity of the parties and (2) whether there is identity of the causes of action between the two lawsuits. *Scholz v. United States*, 18 F.4th 941 (7th Cir. 2021).

There can be no dispute that identity of the parties exists between *Hossfeld I and Hossfeld II*. In both cases, Hossfeld sued Allstate Insurance Company and, in *Hossfeld I,* this Court issued a final judgment on the merits. *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003) ("The test [for finality] is whether the district court has finished with the case.") (citations omitted). Specifically, the Court granted Plaintiff's motion for summary judgment and held that Allstate was vicariously liable for the calls made by Allstate's agents and subagents, Transfer Kings and Atlantic. (Dkt. 282). As such, the only remaining question is, are the claims in the present case "based on the same, or nearly the same, factual allegations" based on those *Hossfeld II*. They are.

In *Hossfeld I,* Hossfeld filed his Second Amended Complaint alleging that Allstate and/or its agents made numerous telemarketing calls to him on Allstate's behalf in violation of the TCPA between November 2020 through February 2021. (*Hossfeld I,* Dkt. 40, ¶¶18-45). *Hossfeld II* is based on nearly the same factual allegations. (See *Hossfeld II,* Dkt. 34, ¶¶35-61). In *Hossfeld II,* Hossfeld alleges that Allstate and/or its agents continued their alleged improper conduct when they made telemarketing calls to him on Allstate's behalf in violation of the TCPA between April 2021 and January 2023.

Hossfeld had ample opportunity during *Hossfeld I* to bring forth his claims relating to calls taking place between April 2021 and January 2023. As an initial matter, fact discovery closed on

December 30, 2021, according to the Court's January 7, 2022 Order. (Dkt. 112). As such, all calls between April 2021 and December 2021 could have been ascertained before the close of discovery in *Hossfeld I*. *See Black & Decker,* 500 F. Supp. 2d 864 (granting motion for judgment on the pleadings as claims were barred under the doctrine of res judicata where plaintiff was aware of the alleged violation prior to the close of discovery). Furthermore, between 2021 and 2024, Hossfeld's counsel raised that it had knowledge of additional alleged improper calls, yet it never followed Honorable Judge Harjani' s early advice:

> "You can try to amend your complaint if you wish with the district judge, but at this time this discovery is not relevant to the current allegations and phone calls that are alleged in the complaint." (Tr. of Hr'g held Oct. 6, 2021, at 38, ECF No. 240-2).

Moreover, in her order denying Plaintiff's Motion for partial summary judgment, Judge Gottschall requested that the parties—prior to February 18, 2025—notify the court "***whether there are any matters that remain to be resolved before judgment is entered***." (*Hossfeld I,* Dkt. 320) (emphasis added). Here again, Hossfeld failed to bring the alleged improper calls to the Court's attention and seek relief, thus further supporting the preclusive effect as to the "new calls." (*Id.*)

Between 2021 and 2025, the parties engaged in extensive discovery and motion practice, whereby Hossfeld had ample opportunity to bring forth these alleged additional calls, as they are inextricably linked to the calls set forth in his Second Amended Complaint. However, Hossfeld failed to seek leave to amend his complaint to incorporate these additional alleged calls and, consequently, should not be allowed to seek relief for the same alleged improper conduct in the present action.

### B. Plaintiff Hossfeld's Claims are Barred by Collateral Estoppel

For similar reasons, Plaintiff Hossfeld's claims are barred by the doctrine of collateral estoppel, which "bars successive litigation of an issue of fact or law actually litigated and resolved

in a valid determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Park v. Bd. of Trustees of Univ. of Illinois*, 754 Fed. Appx. 437 (7th Cir. 2018) (*quoting Dexia Credit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010); *see also Brown v. Felsen*, 442 U.S. 127, 139 n.10, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) ("Whereas [claim preclusion] forecloses all that which might have been litigated previously, [issue preclusion] treats as final only those questions actually and necessarily decided in a prior suit.")

The requirement of mutuality in applying collateral estoppel to bar litigation of issues decided in earlier federal court suits has been eliminated. The general limitation to application of collateral estoppel is that "[t]he party against whom the issue had been resolved must have had, first, a 'full and fair opportunity' to litigate the issue in the previous suit ... and second, a meaningful opportunity to appeal the resolution of the issue." *Carter v. C.I.R.*, 746 F.3d 318, 321 (7th Cir. 2014), as amended on denial of reh'g (Apr. 25, 2014) (citing *DeGuelle v. Camilli*, 724 F.3d 933, 935 (7th Cir. 2013)) (citations omitted).

Here, Hossfeld not only had a "full and fair opportunity" to litigate the issue of whether Allstate was vicariously liable for the calls made by Allstate's agents and subagents but received a favorable decision as to liability. Moreover, although Judge Harjani initially limited discovery in October 2021 to the calls alleged in the Second Amended Complaint to ensure the case was progressing, Judge Harjani also explained that Hossfeld could move to amend the complaint to include newly added calls. (See Tr. of Hr'g held Oct. 6, 2021, at 38, ECF No. 240-2.). For the reasons, Plaintiff's Hossfeld's claims are barred under the doctrine of collateral estoppel.

## IV. <u>Motion to Stay Pending Appeal</u>

Defendant further maintains that this action should be stayed pending the parties' ongoing appeal of *Hossfeld I* for the reasons set forth below.

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Conrad v. Boiron, Inc.,* 13 C 7903, 2014 WL 2937021, at *3 (N.D. Ill. June 30, 2014) (staying litigation where a Ninth Circuit Court of Appeals ruling might "provide some guidance regarding the present claims here"). More specifically, district courts have an "ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Id.* (quoting *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995)) (internal quotations omitted). The Seventh Circuit has held that when evaluating a motion to stay, courts consider whether the stay will "(1) unduly prejudice or tactically disadvantage the non-moving party, (2) simplify the issues in question and streamline the trial, and (3) reduce the burden of litigation on the parties and on the court." *Burnett v. Ocwen Loan Servicing, LLC*, 17 C 3474, 2017 WL 5171226 (N.D. Ill. Nov. 8, 2017) (granting defendant's motion to stay TCPA proceeding pending appeal before the D.C. Circuit). Here, all of these elements weigh strongly in favor of this Court granting a stay pending the outcome of the *Hossfeld I* Appeal.

*First,* a stay of this action would not unduly prejudice or tactically disadvantage the non-moving party. Staying this litigation pending the Seventh Circuit's forthcoming decision on the key issue of vicarious liability is beneficial to both parties, is in the interest of judicial economy, and will prevent the potential for conflicting rulings as to what acts and/or omissions Allstate is liable for under the TCPA. Moreover, the issue before the Seventh Circuit is fully briefed and oral argument is less than 30 days away, on May 11, 2026. Considering this, Defendant's request to stay this action pending the Seventh Circuit's decision is both reasonable and limited and will not unduly prejudice Plaintiffs here. *Vaughan v. Biomat USA, Inc.,* 1:20 CV 04241, 2020 WL 6262359

(N.D. Ill. Oct. 23, 2020) (*quoting Conrad*, 2014 WL 2937021, at *3 (observing that a stay would "not unduly prejudice plaintiff" where it would only be in place until the Ninth Circuit issued its decision, and the Ninth Circuit case had already been fully briefed)).

Moreover, denying this motion to stay appeal will undoubtedly prejudice Allstate. If this action were allowed to proceed during the pendency of the appeal, Allstate will be forced to expend substantial time and resources completing individual and class discovery on issues that have already been decided or may be rendered moot on appeal. Thus far in the present action, during the individual phase, Allstate had to review a universe of over 300,000 documents, utilizing technology assisted review (TAR) and third party vendors for efficiency and accuracy. To force Allstate to engage in class discovery, which would undeniably be more extensive than individual discovery, on issues of liability which may be overturned on appeal, is unduly prejudicial to Allstate and unnecessary given that Plaintiff would not be prejudiced by a stay and a stay will simply this action as explained below.

*Second,* staying this action pending a ruling from the Seventh Circuit will undeniably simplify the issues in question and streamline the trial. One issue in the appeal is whether Plaintiff Hossfeld's broad theory of vicarious liability regarding third parties, specifically Transfer Kings and Atlantic and their subagents, is appropriate under the law. As briefed in the appeal, both Plaintiff Hossfeld and the district court are applying a "daisy chain" of liability—an unending descending flow of liability from Allstate's direct agent to indirect third parties' agents, who have no cognizable link to Allstate. (*Hossfeld I* Appeal, Dkt. 42, p. 54). Both Plaintiffs in this instant case are relying on this same overly broad theory of vicarious liability, where they allege they received improper soliciting calls by and/or behalf of Allstate via third party vendors, including the same vendors at issue in the *Hossfeld I* Appeal. (*Hossfeld II,* Dkt. 1, ¶¶8-9, 30, 102-113). This

broad interpretation and application of vicarious liability is directly before the Seventh Circuit, and its ruling, once final, is likely to control this present action. *See Treadwell v. Power Solutions Int'l, Inc.,* 18-CV-8212 (N.D. Ill. April 1, 2020) (granting a stay where an issue presented in the defendant's motion to dismiss was identical to an issue before the Illinois Appellate Court); *Burnett,* 2017 WL 5171226, at *2 (staying litigation where an appellate court decision would "simplify legal issues ... and reduce the burden of litigation on the parties and the court"). Should the Seventh Circuit agree with Allstate, reject the district court's decision, and narrow the application of vicarious liability as it applies to Allstate, this litigation would be significantly streamlined as to Plaintiff's individual claims.

*Third,* for all the reasons stated above, staying this action will reduce the burden of litigation on the parties and on the court. There is a significant chance that Plaintiff's claims will either be invalidated and/or the scope of Allstate's liability will drastically decrease. As a result, the issues as to Plaintiff's individual claims can be resolved and the parties will likely not have to engage in significant and costly class discovery, which has yet to begin. *See Treadwell,* 18-CV-8212 (granting a stay where an issue presented in the defendant's motion to dismiss was identical to an issue before the Illinois Appellate Court).

## V. CONCLUSION

For the foregoing reasons set for the above, Defendant requests that this Court dismiss Count I as to Plaintiff Hossfeld on the grounds that his claim is barred by the doctrine of claim splitting and collateral estoppel and that the remainder of this matter be stayed pending a ruling in the ongoing appeal of *Hossfeld I.*

DATED: April 27, 2026.

Respectfully submitted,

**AKERMAN LLP**

*/s/ Jani K. Mikel*

**JANI K. MIKEL, ESQUIRE**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Primary Email: jani.mikel@akerman.com
Secondary Email: elida.asa@akerman.com

**RYAN ROMAN, ESQUIRE**
Florida Bar No. 25509
*Admitted Pro Hac Vice*
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Primary Email: ryan.roman@akerman.com
Secondary Email: sharon.luesang@akerman.com

*Counsel for Allstate Insurance Company*

## CERTIFICATE OF CONFERRAL

On April 20, 2026, counsel for the parties conferred regarding the relief sought in this Motion. Plaintiffs' counsel opposes the relief requested herein and the parties propose the following briefing schedule: Plaintiffs' response to be filed by May 21, 2026; Allstate's reply to be filed by June 4, 2026.

By: /s/*Jani K. Mikel*
Jani K. Mikel

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I caused the foregoing document to be electronically filed with the Clerk using the CM/ECF system, which will send notification of such filing to all persons registered for ECF in this matter.

By: /s/*Jani K. Mikel*
Jani K. Mikel